## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., : <br> 10750 Columbia Pike : <br> Silver Spring, Maryland 20901, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DUTT, LLC : <br> 97 Wallace Road : <br> Nashville, TN 37211 : <br> : <br> SERVE ON:  Suman B. Patel, Registered Agent : <br>          1434 Indian Place : <br>          Murfreesboro, TN 37129 : <br> : <br> JAYESH D. PATEL : <br> 1613 Knox Drive : <br> Brentwood, TN 37027 : <br> : <br>     and : <br> : <br> MAHESH D. PATEL : <br> 1613 Knox Drive : <br> Brentwood, TN 37027 : <br> : <br>     and : <br> : <br> SUMAN B. PATEL : <br> 1434 Indian Place : <br> Murfreesboro, TN 37129 : <br> : <br>     and : <br> : <br> YOGENDRA D. PATEL : <br> 1850 Embassy Square Blvd : <br> Louisville, KY 40299                                    : <br> : <br>     Defendants. | Civil Action No. _____ |

## **COMPLAINT**

Plaintiff Choice Hotels International, Inc. (hereinafter referred to as "Choice" or "plaintiff"), sues DUTT, LLC, a Tennessee limited liability corporation, Jayesh D. Patel, Mahesh D. Patel, Suman B. Patel, and Yogendra D. Patel (referred to hereinafter as "franchisee" or "defendants") for money damages for breach of contract, and for its complaint alleges and states:

## PARTIES

1. Plaintiff is a Delaware corporation having its principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.  Plaintiff is the franchisor of Econo Lodge® brand hotels and motels throughout the United States.

2. Upon information and belief, defendant DUTT, LLC is a limited liability corporation organized pursuant to the laws of the State of Tennessee which is licensed to business in, and in fact does business in, the State of Tennessee.

3. Upon information and belief, defendants Jayesh D. Patel, Mahesh D. Patel, and Suman B. Patel are citizens of the State of Tennessee.

4. Upon information and belief, defendant Yogendra D. Patel is a citizen of the State of Kentucky.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), this being an action between citizens of different states and the amount in controversy being in excess of $75,000.00, exclusive of interest and costs.  The Court has jurisdiction over defendants pursuant to 28 U.S.C §1332(a)(1) and Ann. Code Md., C.J., §6-103(b)(1), defendants having transacted business in Maryland with plaintiff.  Venue is proper in the District of Maryland pursuant to 28 U.S.C §1391(a).

## STATEMENTS OF FACT

6. On or about December 21, 2000, defendants entered into a franchise agreement with addendum (the "Franchise Agreement") with plaintiff in Maryland for the operation of a Econo Lodge® hotel located at 97 Wallace Road, Nashville, TN 37211 ("the Hotel"). A copy of the Franchise Agreement is attached hereto and made a part hereof as "Exhibit A."

7. On or about April 30, 2001 defendants entered into the Technology Services Agreement and Software License, and a Hardware Sublease Agreements ("the Communication Agreement"). Copies of the Communication Agreements are attached hereto and made a part hereof as "Exhibit B."

8. The Franchise Agreement and the Communication Agreements became effective upon their acceptance and execution by plaintiff in Maryland. All of the agreements are, by their terms, controlled by and to be construed according to Maryland law.

9. Defendants commenced operating the Hotel as a franchised Econo Lodge® under the Franchise Agreement on or about April 24, 2001.

10. After defendants commenced business under the Franchise Agreement, they used plaintiff's property and services including, *inter alia*, plaintiff's registered service marks and logo designs for Econo Lodge®, in the management and operation of the Hotel. Defendants became obligated for the payment of monthly royalty fees, marketing assessments, reservation system fees and other franchise-related fees and charges to plaintiff at its offices in Maryland, accepted reservations for the Hotel booked through plaintiff's reservation system, which was supervised from Maryland, and cooperated in periodic inspections of the Hotel to ensure compliance with plaintiff's Econo Lodge® assurance standards, as enforced by plaintiff's quality assurance personnel based in Maryland.

11. After defendants commenced operating the Hotel as a Econo Lodge®, defendants

became delinquent in the payment of franchise fees, marketing fees, reservation system fees and other franchise-related fees and charges accruing pursuant to the Franchise Agreement.

12. On or about July 18, 2002, plaintiff sent defendants a notice terminating the Franchise Agreement effective immediately because defendants had not cured defaults in their performance of certain material obligations under the Franchise Agreement. Defendants were formally notified of the existence of these defaults by letter dated March 26, 2002.

13. Defendants breached the Franchise Agreement by, <u>inter alia</u>, failing to pay Choice ongoing franchise and related fees as required pursuant to paragraph four (4) of the Franchise Agreement.

14. Defendants are obligated to Choice for payment of accrued monthly royalties, marketing fees, reservations fees, support fees, service charges and other franchise-related fees and charges (the "Franchise Account") in the amount of thirty-five thousand dollars, one hundred seventy-two dollars and seventy-seven cents ($35,172.77) including interest as of August 15, 2003.

15. In addition, under the Franchise Agreement paragraph 4(g), defendants are required to pay a service charge of one and one-half percent (1½%) interest per month on the outstanding delinquent balance of the Franchise Account until paid in full.

16. Choice has sustained damages in the form of lost profits as a result of the termination of the Franchise Agreement in the amount of one hundred fourteen thousand, three hundred dollars ($114,300.00) pursuant to paragraph 10(d)(2) of the Franchise Agreement.

17. Pursuant to paragraphs 11(c) and 11(d) of the Franchise Agreement, Defendants agreed to pay the attorney's fees, costs and expenses incurred by Choice as a result of their default and the subsequent termination of he Franchise Agreement.

18. Pursuant to paragraph 17(c) of the Franchise Agreement, defendants agreed that they would pay Choice the reasonable attorneys' fees incurred by Choice in the event Choice prevailed in an action made necessary by defendants' breach of that agreement.

19. Defendants are obligated to Choice for payment of the Franchise Account, damages for lost profits, pre-judgment interest, attorney's fees, expenses and court costs.

WHEREFORE, plaintiff Choice Hotels International, Inc. demands that the Court enter judgment in its favor and against defendants DUTT, LLC, Jayesh D. Patel, Mahesh D. Patel, Suman B. Patel, and Yogendra D. Patel as follows:

A. in the amount of thirty-five thousand dollars, one hundred seventy-two dollars and seventy-seven cents ($35,172.77) for the unpaid Franchise Account, together with additional service charges (interest) at the contract rate of one and one-half percent (1½%) per month until paid;

B. for additional amounts for franchise-related fees and service charges proved to be owed at trial;

C. for liquidated damages resulting from the termination of the Franchise Agreement in the amount of one hundred fourteen thousand, three hundred dollars ($114,300.00); and

D. for attorneys' fees, expenses, and court costs; and

E. for post-judgment interest; and

F. all other relief deemed just and appropriate.

Respectfully submitted,

           _____/s/_____
James G. Healy, Esquire
10750 Columbia Pike, Fifth Floor
Silver Spring, MD 20901
(301) 592-6230

Attorney for Plaintiff
Choice Hotels International, Inc.